879 A.2d 157

**Darryl BUCK, Appellant,**

**v.**

**Jeffrey A. BEARD, Secretary Pennsylvania Department of Corrections, et al., Appellees.**

Supreme Court of Pennsylvania.

Argued Nov. 30, 2004.

Decided July 19, 2005.

432

Ernest D. Preate, Jr., Esq., Scranton, for Darryl Buck.

Michael A. Farnan, Esq., Timothy Andres Holmes, Esq., Leslie Anne Miller, Esq., Harrisburg, for Department of Corrections.

BEFORE: CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and BAER, JJ.

*OPINION*

Justice NEWMAN.

Appellant, Darryl Buck, appeals from an Order of the Commonwealth Court that dismissed his Complaint in Mandamus in which he sought an injunction to prevent the Pennsylvania Department of Corrections (the Department) from deducting funds from his inmate account for court costs, fines, and restitution.[1] We affirm the Order of the Commonwealth Court.

## Facts and Procedural History

Appellant is incarcerated at the State Correctional Institution at Dallas where he is serving an aggregate sentence of three to six years imposed by the Court of Common Pleas of Delaware County (trial court) on October 16, 2001, following his conviction for possession of a controlled substance with intent to deliver and related charges. The trial court also ordered Appellant to pay fines, costs, and restitution in the amount of $10,000.00.

On October 21, 2002, the Department began deducting twenty percent of the funds in Appellant's Inmate Account to satisfy this obligation pursuant to Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5), which provides:[2]

The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county

---

1. By Order dated December 20, 2002, the Commonwealth Court ordered that Appellant's Complaint be treated as a Petition for Review addressed to the Court's original jurisdiction pursuant to 42 Pa.C.S. § 761 and Pa.R.A.P. 1502.

2. Section 4 of Act 84, which added subsections (b)(3) and (b)(5) to Section 9728, was enacted June 18, 1998 and became effective 120 days later.

commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b)(5). Appellant filed a Complaint in the Commonwealth Court on December 18, 2002, in which he asserted that the Department's actions denied him due process of law in violation of the state and federal constitutions, and that application of Section 9728(b)(5) to his case violates the *ex post facto* clause of the state and federal Constitutions.[3] He sought injunctive relief, an order directing the trial court to hold a hearing pursuant to Section 9730(b) of the Sentencing Code, 42 Pa.C.S. § 9730(b), or in the alternative, a determination that retroactive application of Section 9728(b) violates the *ex post facto* clause, and remittance of all monies taken from his account. The Department filed a Preliminary Objection raising the legal insufficiency of Appellant's pleading. The Commonwealth Court, *en banc,* sustained the Preliminary Objection and dismissed the Petition for Review. Judge Smith–Ribner filed a concurring and dissenting opinion, and Judge Friedman filed a dissenting opinion.

## Discussion

Appellant asserts that at the time of the enactment of Section 9728(b)(5), existing statutory provisions and the Pennsylvania Rules of Criminal Procedure already provided that the courts of common pleas had the power to impose and collect fines, court costs and restitution. Pursuant to Section 9726(d) of the Sentencing Code, 42 Pa.C.S. § 9726(d), "[i]n determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." Section 9758(b) of the Sentencing Code, 42 Pa.C.S.

---

**3.** Article I, Section 17 of the Pennsylvania Constitution and Article I, Section 10 of the United States Constitution provide, in relevant part, that a state may not pass an *ex post facto* law. The Commonwealth Court rejected Appellant's *ex post facto* argument because the Legislature enacted Section 9758(b)(5) more than two years before the trial court sentenced him. Appellant does not raise the issue of an *ex post facto* violation in the instant appeal.

§ 9758(b), provides that "the court may permit installment payments as it considers appropriate to the circumstances of the defendant, in which case its order shall specify when each installment payment is due." Pursuant to Section 1106(c)(2)(ii) of the Crimes Code, 18 Pa.C.S. § 1106(c)(2)(ii), the court "[m]ay order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just." Pa.R.Crim.P. 706(b) reinforces the statutory provisions by noting that "the court may provide for payment of the fines or costs in such installments and over such period of time as it deems to be just and practicable, taking into account the financial resources of the defendant and the nature of the burden its payment will impose...." Based on these authorities, Appellant argues that the interpretation given by the Department in implementing Section 9728(b)(5) without first seeking a hearing before the court violates his constitutional right to due process. Instead, he suggests that the appropriate procedure is for the trial court to determine, at the sentencing hearing, the percentage of the monthly deduction from an inmate's account. For the Department to take funds from his account without such a pre-deprivation hearing fails to satisfy the requirements of due process, according to Appellant.[4]

It is clear that a prisoner has a property interest in his inmate account. *Tillman v. Lebanon County Correctional Facility*, 221 F.3d 410, 421 (3d Cir.2000). Nevertheless, courts have consistently held that prison officials may deduct funds from such accounts. In *Tillman*, the Third Circuit upheld a Lebanon County policy of assessing prisoners $10.00 per day for their housing expenses. In *Reynolds v. Wagner*, 128 F.3d 166 (3d Cir.1997), the court also upheld a Berks

4. As noted, Section 9728(b) authorizes the Department to develop guidelines for deductions from inmate personal accounts. Pursuant to this statute, the Department issued Policy DC–ADM 005, which provides in relevant part:

VI.D.2 The Business Office, through inmate deductions, makes:
a. Initial payments of 20% of the inmate's account balance; and
b. subsequent payments of 20% of all of the inmate's monthly income provided that the inmate has a balance that exceeds $10.00.

County policy of debiting prisoner accounts for most health care services. In a similar vein, the Commonwealth Court in *Silo v. Ridge*, 728 A.2d 394 (Pa.Cmwlth.1999), held that regulations promulgated pursuant to the Prison Medical Services Act[5], which permit the Department to charge inmates $2.00 for certain medical services are constitutional. However, because prisoners have a property interest in their accounts, "inmates are entitled to due process with respect to any deprivation of this money." *Reynolds*, 128 F.3d at 179. Distilled to its essence, the issue before us is whether due process requires a specific judicial determination of ability to pay before the Department may deduct payments for fines, costs, or restitution.

■ The Department asserts that Appellant's sentencing hearing afforded him the necessary due process. After the hearing, where the court was statutorily required to consider his ability to pay, it sentenced Appellant to serve a sentence and pay a fine of $10,000.[6] With respect to the due process claim, it is significant that Section 9728(b)(5) became effective two years prior to imposition of Appellant's sentence. Therefore, at the time of his sentencing he was on notice of the Department's statutory authority to deduct funds from his account. At his sentencing hearing, he had the opportunity to present evidence to persuade the court not to impose fines, costs, and restitution. He also had a right to file an appeal from that portion of the sentence. Having been convicted after the relevant provisions of Section 9728 came into effect, Appellant had notice and an opportunity to be heard at his sentencing hearing. The Department has simply carried out the lawful order of the sentencing court by establishing and following reasonable guidelines pursuant to Section 9728(b)(5).

The public policy of the Commonwealth favors restitution. Section 1106(c)(1)(i) of the Crimes Code directs the court to order full restitution regardless of the financial resources of

5. Act of May 16, 1996, P.L. 220, 61 P.S. §§ 1001–1017.

6. As previously noted, Section 9726 of the Sentencing Code provides that before imposing a fine, the court must consider the defendant's financial resources.

the defendant. Section 9721(c) of the Sentencing Code, 42 Pa.C.S. § 9721(c) provides that "the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained." Consistent with this policy, the Legislature amended Section 9728 in 1998 by adding Section 9728(b)(3), to provide that the clerk of courts *shall* transmit orders for restitution, fines, and costs to the county correctional facility or Department of Corrections. It also added Section 9728(b)(5), which provides that the county correctional facility or Department of Corrections *shall* be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. The Legislature used the mandatory language *shall* in authorizing the deductions. This language is inconsistent with Appellant's argument that deductions are authorized only after the court of common pleas has conducted a default hearing.

The purpose of a default hearing is to determine the offender's resources and ability to pay. For an incarcerated offender, however, such a hearing is of little practical benefit. Corrections officials know the amount of money in a prisoner's account. They also know that he will be provided with life's necessities even if he has only minimal funds in his account. There is little to be gained by holding a hearing to confirm matters that are already known. In addition, the limited practical benefit of holding another hearing must be balanced against the high costs of returning an inmate to the county of his sentencing for such a hearing.

Section 9728 directs the Department to develop guidelines for making monetary deductions from inmate accounts to satisfy court-ordered obligations. It is a special provision limited to a particular class of offenders, prisoners, and a particular type of asset, inmate accounts. Appellant correctly notes that pursuant to Section 9730(b) of the Sentencing Code, when a defendant is in default, the court of common pleas conducts a hearing to determine the defendant's ability to pay, and then may order an appropriate payment plan. Section 9730(b) directs the court to consider the defendant's financial

resources. However, we agree with the Commonwealth Court that in granting to the Department the supplementary power to collect court-ordered financial obligations from inmate accounts, the Legislature recognized that the deducted amounts were relatively small and that it was impractical and burdensome for trial courts to conduct an ability to pay hearing anytime the funds in an inmate's account fluctuated. Prior to the enactment of Section 9728(b)(5), if a prisoner did not make voluntary restitution payments, the only recourse was for the court to order a default hearing pursuant to Section 9730. Section 9728(b)(5) provides an additional procedure for deducting restitution, fines, and costs directly from inmate accounts pursuant to a legally imposed sentence.

Having determined that Appellant's sentencing hearing provided him with the required pre-deprivation due process, we turn to his assertion that the Department's interpretation of Sections 9728(b)(3) and 9728(b)(5) violates the separation of powers because it encroaches upon the power of the judiciary to determine the method and amount of payment of court ordered fines. Like the Commonwealth Court, we note that Appellant did not raise this issue in his Complaint in Mandamus.

> Our court has made clear that an appellate court will not reverse a judgment on a basis that was not raised and preserved by the parties.... This jurisprudential tenet that a court will consider only the controversies preserved by the litigants even applies to allegations of constitutional error.

*Danville Area School District v. Danville Area Education Association*, 562 Pa. 238, 754 A.2d 1255, 1259 (2000). Accordingly, we are unable to reach the merits of this issue.

### Conclusion

Because Section 9728(b)(5) as applied by the Department did not violate Appellant's right to due process, we affirm the Order of the Commonwealth Court that sustained the Preliminary Objections of the Department and dismissed Appellant's Petition.