

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2006

# Hale v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation
"Hale v. Beard" (2006). *2006 Decisions*. Paper 1540.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1540

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3259
_____

TIMOTHY A. HALE,

Appellant

v.

CHIEF SECRETARY JEFFREY BEARD,
Pennsylvania Department of Corrections;
DENTAL DEPARTMENT, SCI Rockview;
INMATE ACCOUNTING OFFICE, SCI Rockview;
SUPERINTENDANT F.J. TENNIS
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-02704)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
February 14, 2006

BEFORE: BARRY, STAPLETON and GREENBERG, CIRCUIT JUDGES

(Filed: February 27, 2006)

_____

OPINION
_____

PER CURIAM

Timothy Hale, a prisoner incarcerated at the State Correctional Institution at Rockview ("SCI-Rockview") in Bellefonte, Pennsylvania, appeals pro se the dismissal for failure to state a claim of his action filed under 42 U.S.C. § 1983. In his Amended Complaint, Hale alleged that defendants' withdrawal of money from his prison account pursuant to 42 Pa. Cons. Stat. Ann. § 9728(b)(5) and DC ADM-005 violated his right to due process under the Fourth and Fourteenth Amendments.[1] Hale sought a declaration that his rights were being violated by defendants' actions, an injunction barring defendants from continuing to seize money from his prison account, compensatory and punitive damages, and costs.

The District Court dismissed the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. The Court held that, because Hale did not articulate a constitutional basis for the alleged violation, he failed to state a claim cognizable under 42 U.S.C. § 1983. The Court went on to note that, to the extent Hale's Complaint could be construed to allege a violation of the Fourteenth Amendment, the claim could not be pursued in a § 1983 action under Hudson v. Palmer, 468 U.S. 517

---

[1]   Hale's claims are based on what is commonly known as Act 84, pursuant to which "wages, salaries and commissions of individuals" may be attached "[f]or restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding." 42 Pa. Cons. Stat. Ann. § 8127(a)(5) (West 2005). Act 84 permits the county correctional facility or Department of Corrections "to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation." 42 Pa. Cons. Stat. Ann. § 9728(b)(5) (West 2005). That section also authorizes the Department of Corrections to develop guidelines for this procedure, see id., which it has done. See DC-ADM 005-1.

(1984), because the State of Pennsylvania provides an adequate post-deprivation remedy for the alleged wrong.

We have jurisdiction under 28 U.S.C. § 1291. The District Court dismissed Hale's Amended Complaint on February 8, 2005.[2] On March 16, 2005, Hale filed a motion for reconsideration in which he stated the legal basis for the arguments set forth in his Amended Complaint. The District Court denied his motion for reconsideration on May 23, 2005. Hale filed a notice of appeal on June 16, 2005. Because the District Court did not enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 when it dismissed the action, the notice of appeal was timely as to both the dismissal Order and the denial of Hale's motion for reconsideration.[3]

Hale initially argued to the District Court that there was no court order mandating the payment of costs, fines, or restitution. On appeal, however, he admits that his sentence included costs, fines, and restitution. There is no copy of the sentencing order in the record.

We have repeatedly held that a prisoner has a protected property interest in the

---

[2]    It is unclear whether Hale received notice of the Court's dismissal, as he attempted to file a supplemental complaint on March 7, 2005. In an order entered on March 9, the District Court denied Hale's motion to file a supplemental complaint based upon its dismissal of the Amended Complaint on February 8.

[3]    Pursuant to Rule 58(b)(2)(B), the dismissal became a final judgment on July 8, 2005, 150 days after entry on the civil docket. The notice of appeal was filed on June 16, 2005. A notice of appeal which is filed after the court announces a decision or order but before it enters a judgment is treated as if it was filed on the date of entry of the judgment. See Fed. R. App. P. 4(a)(2).

funds held in his inmate account. See, e.g., Higgins v. Beyer, 293 F.3d 683, 693 (3d Cir. 2002); Tillman v. Lebanon County Corr. Facility, 221 F.3d 410, 421 (3d Cir. 2000). Nonetheless, the District Court held that Hale's due process claims were barred under Hudson v. Palmer, 468 U.S. 517 (1984), because the State of Pennsylvania provides an adequate post-deprivation remedy for such a wrong. We have rejected this line of reasoning, holding that "'[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking.'" Higgins, 293 F.3d at 693-94 (quoting Zinermon v. Burch, 494 U.S. 113, 132 (1990)). In Higgins, where funds were being deducted from plaintiff's account pursuant to a state statute, we concluded that "[plaintiff] was entitled to notice and hearing before the [defendants] deducted money from his account." Id. at 694. The availability of post-deprivation state court proceedings thus does not bar Hale's federal procedural due process claim.

Having determined that Hale may seek to enforce his due process rights in the context of a § 1983 action, we now consider whether Hale has been accorded adequate process. The Pennsylvania Supreme Court has recently spoken on the issue of what process is due in this situation. In Buck v. Beard, 583 Pa. 431, 877 A.2d 157 (2005), the Court considered a challenge by inmate Darryl Buck to the withdrawal of funds from his prison account for court costs, fines, and restitution pursuant to 42 Pa. Cons. Stat. Ann. § 9728(b)(5). Buck argued that due process required an individualized judicial determination of his ability to pay before the Department of Corrections could deduct

4

payments from his account for fines, costs, or restitution. Id. at ___, 877 A.2d at 159-60. The Court rejected Buck's position, holding that because the statute became effective two years prior to the imposition of his sentence, and because he had been afforded an opportunity to present evidence at his sentencing hearing to persuade the court not to impose fines, costs, or restitution, he had received sufficient notice and an opportunity to be heard to satisfy the requirements of due process. Id. at ___; 877 A.2d at 160. The Court therefore concluded that, under the circumstances, the application of section 9728(b)(5) did not violate Buck's right to due process. Id. at ___; 877 A.2d at 162.

We have not yet addressed the specific issue of what constitutes due process under the federal Constitution in this situation. Traditionally, in assessing a procedural due process claim, we will balance the private interest, the governmental interest, and the value of the available procedure in safeguarding against an erroneous deprivation of property. See Tillman, 221 F.3d at 421; see also Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Absent "extraordinary circumstances," we have usually found that due process requires predeprivation notice and a hearing. See Higgins, 293 F.3d at 694; Tillman, 221 F.3d at 421-22. While we ultimately may conclude, as the Pennsylvania Supreme Court did, that the existence of the statute and the proceedings attendant to sentencing provide sufficient notice and an opportunity to be heard to satisfy the requirements of due process, we are reluctant to address this issue without first hearing argument from the Commonwealth. As the District Court dismissed this action prior to service of the Complaint, we will vacate and remand for further proceedings. Upon remand, the District

5

Court may wish to consider whether the appointment of counsel to represent plaintiff

would be appropriate.