J-S73034-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL RIVERA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| JEROME WALSH, AND JOHN T. ADAMS, | : | |
| | : | |
| Appellees | : | No. 990 MDA 2014 |

Appeal from the Order entered on May 14, 2014
in the Court of Common Pleas of Berks County,
Civil Division, No. 14-5720

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED JANUARY 22, 2015**

Michael Rivera ("Rivera") appeals, *pro se*, from the Order denying his Petition for Writ of *Habeas Corpus Ad Subjiciendum* (hereinafter "*Habeas Corpus* Petition").[1]  We affirm.

In December 2001, Rivera pled guilty to third-degree murder, firearms not to be carried without a license, possessing an instrument of crime, and receiving stolen property.  In accordance with the plea agreement Rivera reached with the Commonwealth, the trial court sentenced Rivera to serve

---

[1] As we discuss below, the common pleas court should have treated the *Habeas Corpus* Petition as a Petition for collateral relief filed under the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546. Accordingly, we will hereinafter refer to the common pleas court as the "PCRA court," and refer to the *Habeas Corpus* Petition as the "PCRA Petition/*Habeas Corpus* Petition."

an aggregate prison term of thirty to sixty years. Notably, the trial court also imposed a $1,300 fine and court costs of $959.34.

Rivera did not file a direct appeal. However, in the following years, he appears to have filed several PCRA Petitions,[2] and this Court affirmed the dismissal of at least one of the Petitions. *See Commonwealth v. Rivera*, 864 A.2d 583 (Pa. Super. 2004) (unpublished memorandum).[3]

On April 28, 2014, Rivera filed the *pro se* PCRA Petition/*Habeas Corpus* Petition, asserting that his sentence is illegal, and he was deprived of due process, because the sentencing court imposed a fine and court costs without ever inquiring into Rivera's ability to pay, in violation of, *inter alia*, 42 Pa.C.S.A. § 9726(c)(1) (providing that "the court shall not sentence a defendant to pay a fine unless it appears of record that [] the defendant is

---

[2] Rivera states that he previously had filed three PCRA Petitions, all of which were dismissed. *See* PCRA Petition/*Habeas Corpus* Petition, 4/28/14, at ¶ 11. We observe that the certified record before us contains limited information, as the instant case, which Rivera filed as a civil matter, is listed under a separate docket number than Rivera's underlying criminal case.

[3] Given our lack of the certified record for Rivera's criminal case, our research uncovered only the above-mentioned Superior Court case affirming the dismissal of Rivera's second PCRA Petition. *See Rivera, supra* (unpublished memorandum at 4-5) (since Rivera's PCRA Petition was facially untimely, and he did not invoke any of the three exceptions to the PCRA's jurisdictional time bar contained in 42 Pa.C.S.A. § 9545(b)(1)(i-iii), holding that the PCRA court properly dismissed the PCRA Petition as being time-barred).

or will be able to pay the fine.").[4]

By an Order entered on May 14, 2014, the PCRA court denied Rivera's PCRA Petition/*Habeas Corpus* Petition.[5] Rivera timely filed a *pro se* Notice of Appeal. In response, the PCRA court ordered Rivera to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, after which Rivera timely complied.

Rivera presents the following issues for our review:

1. Did the [PCRA] court err in denying [Rivera's] … [PCRA Petition/]*Habeas Corpus* [Petition] pursuant to **Buck**[*, supra*]?

2. Did the [trial] court violate [Rivera's] Constitutional right to due process by imposing fines without inquiring into

---

[4] Rivera filed the PCRA Petition/*Habeas Corpus* Petition against Jerome Walsh, Superintendent of the State Correctional Institution at Dallas (wherein Rivera is incarcerated), and John T. Adams, the Berks County District Attorney. In his Petition, Rivera also asserted that the Pennsylvania Department of Corrections ("DOC") was improperly deducting 20% of all monies in his inmate account, despite knowing that there had been no hearing conducted concerning his ability to pay the fine and costs.

[5] The PCRA court denied the PCRA Petition/*Habeas Corpus* Petition based upon the holding of the Pennsylvania Supreme Court in **Buck v. Beard**, 879 A.2d 157, 159-61 (Pa. 2005) (where the inmate/appellant claimed that the DOC had violated his due process rights, and 42 Pa.C.S.A. § 9726, by deducting money from his inmate account to satisfy his court-ordered fines, restitution and costs, without conducting a separate judicial hearing on his ability to pay, holding that the appellant's sentencing hearing afforded him due process, and no additional hearing was necessary, since, *inter alia*, "[a]t his sentencing hearing, [the appellant] had the opportunity to present evidence to persuade the court not to impose fines, costs, and restitution. He also had a right to file an appeal from that portion of the sentence."); **see also** PCRA Court Pa.R.A.P. 1925(a) Opinion, 7/23/14, at 3-4 (ruling that **Buck** is dispositive of Rivera's claims, and he was not deprived of due process).

- 3 -

[Rivera's] ability to pay those fines, as required by 42 Pa.[C.S.A.] § 9726(c)(1)?

3. Did the illegal fine in question unilaterally breach [Rivera's] negotiated plea agreement that the [trial] court had previously accepted on the record?

4. Did the [trial] court err in accepting [Rivera's] plea of guilt?

5. Did the [trial] court impose an illegal sentence?

Brief for Appellant at 4 (capitalization omitted).

As stated above, the PCRA court should have treated the PCRA Petition/*Habeas Corpus* Petition under the PCRA. **See Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013) (stating that any petition filed after an appellant's judgment of sentence becomes final, including a praecipe for writ of *habeas corpus*, should be treated as a PCRA petition where the PCRA could provide for a potential remedy); **see also id.** at 466 (stating that a petitioner cannot circumvent the jurisdictional strictures of the PCRA by titling his petition as a petition for writ of *habeas corpus*). Here, Rivera's claim of an illegal sentence is cognizable under the PCRA. Therefore, we must consider Rivera's claims on appeal under the rubric of the PCRA*.*

The PCRA provides that "[a]ny [PCRA] petition …, including a second or subsequent petition*,* shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Because Rivera did not file a direct appeal, his judgment of sentence became final in January

2002. Rivera did not file the instant PCRA Petition/*Habeas Corpus* Petition until April 2014, and, therefore, it is facially untimely.

Accordingly, the PCRA Petition/*Habeas Corpus* Petition is time-barred unless Rivera has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii). These exceptions provide that a PCRA petition may be filed within sixty days from the date the claim could have been presented, when the petition alleges, and the petitioner proves, the following:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or law of this Commonwealth or the Constitution of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section has been held by the court to apply retroactively.

*Id.*; *see also id.* § 9545(b)(2).

In the PCRA Petition/*Habeas Corpus* Petition, Rivera does not allege that the delay in filing his Petition was due to interference by government officials; or that the facts underlying his Petition were unknown to him and could not have been ascertained by the exercise of due diligence; or that the right he has asserted is a retroactive constitutional right. **See Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (stating that "*it*

- 5 -

*is the petitioner's burden to plead in the petition* and prove that one of the exceptions applies." (citation omitted, emphasis in original)).[6] Therefore, Rivera's PCRA Petition/*Habeas Corpus* Petition is time-barred, and neither this Court nor the PCRA court has jurisdiction to address Rivera's claims. **See Commonwealth v. Chester**, 895 A.2d 520, 522 (Pa. 2006) (stating that "[i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." (citation omitted)).

In so holding, we acknowledge that Rivera challenges the legality of the fine and court costs component of his sentence. **See, e.g.**, Brief for Appellant at 9 (citing **Commonwealth v. Thomas**, 879 A.2d 246, 264 (Pa. Super. 2005) (observing that pursuant to 42 Pa.C.S.A. § 9726(c)(1), "the court shall not sentence a defendant to pay a fine unless it appears of record that [] the defendant is or will be able to pay the fine[,]" and holding that the trial court erred in imposing a fine as part of the defendant's sentence without entering a specific finding concerning his ability to pay the fine)).

The Pennsylvania Supreme Court has explained that although "challenges to the legality of a sentence cannot be waived[,] and [] a court may raise sentence illegality *sua sponte*, … a [] court must first have

---

[6] Rivera also does not allege any of the exceptions in his appellate brief, nor does he acknowledge that his PCRA Petition/*Habeas Corpus* Petition is in the nature of an untimely PCRA Petition.

jurisdiction to address the illegality ….” ***Commonwealth v. Holmes***, 933 A.2d 57, 60 (Pa. 2007) (citing ***Robinson v. Pa. Board of Probation and Parole***, 582 A.2d 857, 860 (Pa. 1990) (stating that “[j]urisdiction is the predicate upon which a consideration of the merits must rest.”)).  Moreover, “[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA’s time limits or one of the exceptions thereto.” ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999).

Accordingly, because Rivera did not plead or prove any of the exceptions to the PCRA’s jurisdictional time bar, we cannot address his legality of sentence challenge.  ***See id.***; ***see also Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014) (stating that “[t]hough not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim.” (brackets omitted)).

Based upon the foregoing, we conclude that the PCRA court properly denied Rivera’s PCRA Petition/*Habeas Corpus* Petition, although we do so on other grounds than those set forth by the PCRA court.  ***See Commonwealth v. Charleston***, 94 A.3d 1012, 1028 (Pa. Super. 2014) (stating that “we may affirm the PCRA court’s decision on any basis.”).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2015