# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery McWilliams,       :
      Appellant    :
             :
     v.        :   No. 657 C.D. 2019
             :   Submitted: April 30, 2021
Commonwealth of Pennsylvania   :
             :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
       HONORABLE PATRICIA A. McCULLOUGH, Judge
       HONORABLE CHRISTINE FIZZANO CANNON, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**      **FILED: September 13, 2021**

Jeffery McWilliams (McWilliams) appeals from the April 15, 2019 Order (Order) of the Court of Common Pleas of Adams County (trial court), which denied McWilliams's "Application to Lower Court for Leave to Appeal *In Forma Pauperis*" (*IFP* Application). In that Order, the trial court denied the *IFP* Application because "there is no appeal pending in this matter nor has an appeal been filed." (Record (R.) Item 196.) After carefully reviewing the original record and docket and finding no pending appellate matters to which the *IFP* Application could relate, we affirm.

The relevant facts of this matter are not in dispute. On April 11, 2019, McWilliams filed the *IFP* Application and a "Verified Statement in Support of Application to Lower Court for Leave to Appeal *In Forma Pauperis*" (Verified Statement), indicating that McWilliams was "mov[ing] for leave to proceed *in*

*forma pauperis* pursuant to [Pennsylvania Rule of Appellate Procedure 561,] Pa.R.A[].P[]. [] 561"[1] in McWilliams's criminal case. (R. Item 194 at 2.) The trial court denied McWilliams's *IFP* Application on April 15, 2019.

McWilliams subsequently filed a Petition for Review (Petition) in this Court. Thereafter, the trial court filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), stating the Petition should be dismissed or quashed because McWilliams's appeal is untimely, having been filed with the trial court on May 23, 2019. (R. Item 205 at 2.) The trial court also explained that there must be "[a]n actual case or controversy at all stages of appellate review . . . in order for an appellate court to grant relief." (*Id.* at 2 n.2 (citing *Commonwealth v. Smith*, 486 A.2d 445, 447 (Pa. Super. 1984)).) Because "there was no pending or imminent litigation before" the trial court at the time McWilliams filed the *IFP* Application, the trial court determined the *IFP* Application to be moot. (*Id.* (citing *Conover v. Mikosky*, 609 A.2d 558, 560 (Pa. Super. 1992)).)

In the Petition, McWilliams asserts that this is an appeal of the trial court's April 15, 2019 Order and attached that Order. McWilliams argues that the trial court "violated [] McWilliams's constitutional right to Due Process when it failed to take subject matter jurisdiction over the Motion for Deferment[ (Motion to Defer)]."[2] (Petition at 4.) McWilliams further asserts that "McWilliams is neither

---

[1] Rule 561 states, in relevant part: "[a] verified statement under this chapter in support of an application for leave to proceed in forma pauperis shall be in substantially the following form[.]" Pa.R.A.P. 561. Rule 561 then explains what is required to be averred to obtain *in forma pauperis* status.

[2] There is some confusion in McWilliams's filings. It appears that McWilliams's reference to a Motion to Defer may be referring to a Motion to Compel filed in the trial court in tandem with the filing of the *IFP* Application seeking to stop deductions for court costs, fines, and fees from McWilliams's inmate account by the Department of Corrections pursuant to

seeking to terminate[] ('stop')[] the deductions nor abolish the fines and costs[]" under Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5) (Act 84); "[r]ather, [] McWilliams seeks to defer[] (postpone)[] the obligation of the fines and costs[,]" which would "essentially be a modification of the original [sentencing o]rder . . . ." (*Id.* at 6.) McWilliams alleges the trial court misapplied *Commonwealth v. Parella*, 834 A.2d 1253 (Pa. Cmwlth. 2003),[3] in rendering its decision and that the trial court should have retained subject matter jurisdiction over the Motion to Defer. (*Id.* at 5.) Additionally, McWilliams contends that there was a due process violation "when the [trial court] failed to take subject matter jurisdiction over the Motion [to Defer]." (*Id.* at 10.) McWilliams filed a brief, again arguing that "the [trial] [c]ourt misapplied . . . *Parella* . . . ." (McWilliams's Brief (Br.) at 1.) McWilliams also argues there was "[a] violation of Due Process[,] which requires pre-deprivation notice[] [b]ecause [McWilliams] retains a property interest in the money in his account." (*Id.* at 3 (citing *Buck v. Beard*, 879 A.2d 157, 160 (Pa. 2005)).) McWilliams, therefore, asks that the "[d]eductions [] be deferred and that [n]ominal damages be [a]warded (money taken be returned)." (*Id.* at 5.)

On January 31, 2020, the Commonwealth of Pennsylvania (Commonwealth) filed an "Application to Quash Appeal" arguing that the appeal is untimely and,

---

Section 9728(b)(5) of the Sentencing Code, 42 Pa.C.S. § 9728(b)(5) (Act 84). However, McWilliams asserts in the Petition that he is not seeking to terminate the deductions, which conflicts with the Motion to Compel. (*Compare* Petition at 6, *with* R. Item 195 at 1.) In addition, although McWilliams had previously filed an Application to Defer in July 20**18**, which was denied, McWilliams indicates this denial is not being appealed in the Petition. (*See* McWilliams's August 5, 2020 Letter at 1.)

[3] We note that the trial court cited *Parella* in its March 16, 2012 Order denying McWilliams's "Motion to Determine [McWilliams's] Ability to Pay Fines, Court Costs, and Restitution[.]" (R. Item 132.)

alternatively, that venue is not proper in this Court. (Application to Quash at 2-3.) The Commonwealth argued that "the [o]rder appealed in this matter is presumably the July 20, 2018 [o]rder of the [trial court] denying [McWilliams's] 'Application to Defer Fines and Costs[,]'" and that the appeal was untimely having been filed May 23, 2019. (*Id.* at 2.) The Commonwealth also argued that McWilliams sought to appeal an order docketed as a criminal matter and, there being no civil matter, the Superior Court, not this Court, has jurisdiction. (*Id.* at 3.) In response, McWilliams filed a letter stating that he "did not file an appeal[,] [he] filed a Petition for Review between [this] Court, the [Department of Corrections (DOC)], and [the trial court] has this wrong [sic]." (McWilliams's January 28, 2020 Letter.) McWilliams also stated the Petition "was filed [in 2019] not July[] 20, 2018." (*Id.*) By Order dated February 6, 2020, this Court denied the Application to Quash and clarified that McWilliams's "Petition for Review . . . is [McWilliams's] attempt to appeal from the trial court's order of April 15, 2019." *McWilliams v. Commonwealth of Pennsylvania* (Pa. Cmwlth., No. 657 C.D. 2019, filed Feb. 6, 2020). Thus, the trial court's denial of McWilliams's *IFP* Application is the only issue before the Court.[4]

McWilliams's arguments regarding why the trial court erred in the April 15, 2019 Order are premised on that Order's purported denial of a Motion to Defer, rather than the denial of his *IFP* Application based on the lack of pending appellate litigation. The Commonwealth responds that the Petition should be quashed as untimely, asserting that McWilliams filed the Petition on May 23, 2019, the date

---

[4] Our scope of review of a trial court's "denial of an *in forma pauperis* application . . . is limited to a determination of whether constitutional rights were violated, [] whether the trial court abused its discretion[,] or [whether the trial court] committed an error of law." *Thomas v. Holtz*, 707 A.2d 569, 570 n.2 (Pa. Cmwlth. 1998).

4

the trial court received the Petition, making it 38 days late. (Commonwealth's Br. at 5-6; R. Item 197 (showing the stamp received date by the Clerk of Courts of the trial court as May 23, 2019).) The Commonwealth further argues that the trial court did not err in denying the *IFP* Application because there were no appellate matters pending at the time McWilliams filed the *IFP* Application. (Commonwealth's Br. at 6.)

As it is a threshold issue, we address the Commonwealth's argument that McWilliams did not file a timely appeal of the April 15, 2019 Order. Pennsylvania Rule of Appellate Procedure 903 requires that an appeal must be filed within 30 days of a final order to be timely. Pa.R.A.P. 903. The Commonwealth uses the date the trial court received the Petition—May 23, 2019—as the filing date. However, the prisoner mailbox rule applies to inmate litigation to determine when an appeal is filed. In *Sweesy v. Pennsylvania Board of Probation and Parole*, we explained that "a prisoner's pro se appeal is filed at the time it is given to prison officials or put in the prison mailbox." 955 A.2d 501, 502 (Pa. Cmwlth. 2008) (emphasis omitted). McWilliams signed the Petition on May 15, 2019, and the Petition was postmarked May 16, 2019. McWilliams states that the "Petition . . . was filed and sent in thr[ough] the prisoner mail[]box rule on May 15, 2019[,] which [McWilliams] had to prove with cash[ ]slips . . . ." (McWilliams Answer to Application to Quash at 1-2.) However, the record does not contain cash slips dated May 15, 2019. We would ordinarily order McWilliams to file the cash slips with the Court before reviewing the merits; however, because it is clear the trial court did not err, and to save McWilliams the expense of filing documents that will have no practical effect and to conserve judicial resources, we will address the merits of the trial court's Order. *See* Pennsylvania Rule of Appellate Procedure

5

105, Pa.R.A.P. 105 ("These rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable.").

For an individual to proceed *in forma pauperis*, there must be a pending or imminent controversy to which an application for *in forma pauperis* is related, and the applicant has a responsibility to present a valid cause of action or appeal. *See Conover*, 609 A.2d at 560 (holding that, under Pennsylvania Rule of Civil Procedure No. 240(j), Pa.R.C.P. No. 240(j), a trial court may dismiss an *in forma pauperis* application if there was no legally cognizable cause of action or appeal filed). While *Conover* involved the Pennsylvania Rules of Civil Procedure's requirements for seeking *in forma pauperis* status, and given that our Supreme Court has not promulgated rules for proceeding *in forma pauperis* in criminal matters, *see* Pennsylvania Rule of Criminal Procedure 124, Pa.R.Crim.P. 124 (indicating that the rule is "reserved"), we agree with the trial court that there must be an appellate controversy before an individual may seek approval to proceed *in forma pauperis* in filing an appeal. The *IFP* Application and Statement of Verification that McWilliams filed plainly sought relief to file an **appeal** *in forma pauperis*. (R. Item 194 at 1-2.) A review of the original record and the docket sheets reveals that McWilliams did not have any ongoing appeals at the time the *IFP* Application was filed, and McWilliams did not file any appeal with the *IFP* Application. We cannot, therefore, say the trial court erred or abused its discretion in denying the *IFP* Application.[5]

---

[5] It appears that McWilliams is concerned about deductions from his inmate account and that he has filed multiple motions before the trial court at his criminal docket number, which are not before this Court. We note that, generally, where inmates question Act 84 deductions based on "whether [they were] afforded an ability to pay inquiry at the time of [their] original sentence[s,]" or where inmates "seek[ ] to end Act 84 deductions by removing financial

6

Because we discern no error or abuse of discretion by the trial court's denial of the *IFP* Application, we affirm.

_____
**RENÉE COHN JUBELIRER,** Judge

---

obligations from [their] original sentence[s]," these challenges are properly brought within the courts of common pleas. *Parella*, 834 A.2d at 1256. In contrast, where inmates seek to stop DOC from taking Act 84 deductions, those actions are properly brought within this Court's original jurisdiction. *Id.* at 1255 & n.5.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffery McWilliams,              :

            Appellant         :

                           :

            v.            :    No. 657 C.D. 2019

                           :

Commonwealth of Pennsylvania      :

                           :

## O R D E R

**AND NOW**, September 13, 2021, the April 15, 2019 Order of the Court of Common Pleas of Adams County, which denied Jeffery McWilliams's "Application to Lower Court for Leave to Appeal *In Forma Pauperis*," is **AFFIRMED**.

 

 

_____

**RENÉE COHN JUBELIRER,** Judge