J-S25002-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TODD P. ALLEN | |
| Appellant | No. 48 MDA 2019 |

Appeal from the Order Entered November 13, 2018
In the Court of Common Pleas of Lackawanna County
Criminal Division at No.: CP-35-CR-0000019-2002

BEFORE:  STABILE, MURRAY, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 15, 2019**

Appellant Todd P. Allen *pro se* appeals from the November 13, 2018 order entered in the Court of Common Pleas of Lackawanna County ("trial court").[1] Upon review, we remand for further proceedings.

Because of Appellant's failure to pay his court costs and fines, on November 13, 2018, the trial court found him in contempt of court, sentenced him to six months' imprisonment and stayed the sentence upon payment of $1,086.50 in outstanding court costs and fines.[2] Appellant *pro se* appealed to

---

[1] The certified docket in this case is incomplete insofar as it does not contain, among other things, the November 13, 2018 order.

[2] The trial court notes in its Pa.R.A.P. 1925(a) opinion that, on November 14, 2018, Appellant "paid the $1,086.50" in costs and fines.  However, there is no indication of a payment in the certified record.  Additionally, the record does not reflect whether the trial court conducted a hearing to determine whether Appellant had the ability to pay the costs and fines at issue prior to issuing its

this Court on December 19, 2018. The Commonwealth argues that this appeal should be quashed as untimely, pointing out that Appellant's notice of appeal fell outside of the thirty-day appeal period. Appellant, however, counters that his notice of appeal was timely because he delivered it to the prison authorities on December 12, 2018.[3]

Under the "prisoner mailbox rule," a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing. ***Commonwealth v. Jones***, 700 A.2d 423, 426 (Pa. 1997); ***see also Commonwealth v. Cooper***, 710 A.2d 76, 78 (Pa. Super. 1998) ("[F]or prisoners proceeding *pro se*, a notice is deemed filed as of the date it is deposited in the prison mail system.").

Pennsylvania Rule of Appellate Procedure 121 provides, in relevant part:

> A *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the pro se filing with the prison authorities.

Pa.R.A.P. 121(a). A prisoner bears the burden of proving delivery of the notice to prison authorities within the prescribed time period for its filing. ***See Jones***, 700 A.2d at 426. Reasonable verifiable evidence for proving timely

November 13, 2018 order. ***See Commonwealth v. Smetana***, 191 A.3d 867, 870-73 (Pa. Super. 2018); ***see also*** 42 Pa.C.S.A. §§ 9730, 9772; Pa.R.Crim.P. 706.

[3] On March 14, 2019, in consideration of Appellant's response to our order to show cause why this appeal should not be quashed as untimely, we discharged the show cause order and referred the issue to the merits panel.

- 2 -

delivery includes, but is not limited to, a Postal Form 3817 certificate of mailing or a prison "cash slip" noting a prisoner account deduction and the date of mailing. *Id.* The court may also consider a prisoner's affidavit attesting to the date of deposit, as well as evidence regarding the operating procedures of the mail delivery service in question. *Id.*

"Where . . . the facts concerning the timeliness [of the filing] are in dispute, a remand for an evidentiary hearing may be warranted." *Id.* at 426 n.3. "Where, however, the opposing party does not challenge the timeliness of the appeal and the prisoner's assertion of timeliness is plausible, we may find the appeal timely without remand." *Cooper*, 710 A.2d at 79 (citation omitted); *see also Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa. Super. 2007) (deeming appeal timely based on the date on the notice of appeal and date of receipt three days after the thirty-day period expired).

In the present case, the certified record does not contain the envelope in which the notice of appeal was mailed, nor a prisoner cash slip. The date of filing, December 19, 2018, is six days beyond the last day of the appeal period—December 13, 2018. Nonetheless, based on the hand-written date of "December 12, 2018" on Appellant's notice of appeal and "proof of service," it is possible that Appellant placed the *pro se* documents in the hands of prison officials on or prior to December 13, 2018.

Moreover, the Commonwealth has challenged the timeliness of Appellant's notice of appeal. As a result, on the record before us a factual question exists as to whether the notice of appeal was timely filed pursuant

- 3 -

to the "prisoner mailbox rule." Accordingly, we remand this case to the trial court to hold an evidentiary hearing to determine whether Appellant delivered his *pro se* notice of appeal to prison authorities within thirty days of the November 13, 2018 contempt order. In other words, applying the "prisoner mailbox rule," whether Appellant's appeal was timely filed on or before December 13, 2018. In the event the trial court finds that Appellant's notice of appeal was filed timely, it is directed to file a detailed supplemental Rule 1925(a) opinion within sixty (60) days following the conclusion of the evidentiary hearing.

Case remanded for proceedings consistent with this memorandum. Panel jurisdiction retained.