J-A07030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID ALFONCE GOAD | : | |
| | : | |
| Appellant | : | No. 633 MDA 2020 |

Appeal from the Order Entered March 17, 2020
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0006149-2017

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY BOWES, J.:    **FILED NOVEMBER 29, 2021**

I cannot agree with my esteemed colleagues' disposition of this case. In my view, rather than quash the appeal, this Court should affirm the trial court's March 17, 2020 decision to immediately terminate Appellant's probation and grant counsel's Application for Leave to Withdraw as Counsel. Therefore, I respectfully dissent.

I begin with a review of the events of this case as revealed by the certified record.  Following a retail theft conviction, Appellant was serving a sentence of two years of probation, from April 3, 2018 to April 2, 2020, plus fines and costs totaling $2,266.25.  **See** Notice of Alleged Violations of Probation, 1/23/20, at unnumbered 3.  Several times Appellant filed *pro se*

_____

[*] Former Justice specially assigned to the Superior Court.

motions to have his probation terminated early and to waive the fines and costs. Specifically, he indicated that he wanted to be released from supervision, and the additional costs he had to pay in order to be supervised, so he could accept a job out of state that would enable him to pay the fines/costs portion of his sentence. *See* Motion to Have Court Cost and Fines Waived and Early Release from Probation and/or Unsupervised Probation, 7/31/19. The trial court forwarded the motions to counsel, who took no action on them.

On January 23, 2020, the Commonwealth initiated probation revocation proceedings for Appellant's violation of "Rule 7: Make bi-weekly/monthly payments." *See* Notice of Alleged Violations of Probation, 1/23/20, at unnumbered 3. The notice indicated that Appellant still owed more than $2,400, and that his last payment was $25 on January 3, 2020. At the revocation hearing on March 17, 2020, appointed counsel indicated that Appellant did not contest the violations. A probation officer, different from the individual identified in the above-referenced motions, confirmed counsel's representation that it was "just a fines and costs issue," and reiterated the dates and numbers indicated in the revocation notice. N.T. Revocation Hearing, 3/17/20, at 2. The probation officer's recommendation was that Appellant be "revoked" and "placed on [Monetary Compliance Unit ('MCU')] as he has paid six months in a row and has no special conditions pending." *Id*. at 2. Appellant's counsel responded: "We are certainly in agreement with

that recommendation." *Id*. The court responded "Very well. I'll follow [the probation officer's] recommendation, place you on the monetary compliance unit, sir. You made regular payments for a six-month period. Since the balance is still $2,000 we'd still like you to continue with those payments as well." *Id*. at 2-3. Appellant indicated that he had just paid another $25, so the balance was less than that, the court said "very well," Appellant's counsel said "keep chipping away," the court thanked Appellant for his cooperation, Appellant said thank you, and the proceeding concluded. *Id*. at 3.

An untitled, preprinted form was filed the same day as the revocation hearing. At its top, a box is checked indicating that it pertained to a revocation, but the "Sentencing" box remained unchecked, as did the box for "Sentence Deferred." The word "Revoke" is circled and "Probation" checked next to it. Written next to "Notes" is the indication "must pay F/C" and "After 6 mo of payments to F/C move to monetary compliance." There is an illegible signature on a blank line next to "Judge." The document is docketed as "Revocation Penalties Imposed" without indicating whether it is a sentencing order, another type of order, or merely a housekeeping form.

Appellant then filed a *pro se* notice of appeal from the March 17, 2020 "order," stating therein that he "was revoked" eighteen days before his probation term "maxed out," that the court ignored his petitions for early termination and waiver of costs and fines, and that, if the court had ruled on them, either there would not have been a revocation hearing or he could have

appealed the denial. *See* Notice of Appeal, 4/17/20. Although counsel had not been granted leave to withdraw, the trial court served Appellant, but not counsel, with a Pa.R.A.P. 1925(b) order, and Appellant filed a *pro se* statement in response. The trial court's Pa.R.A.P. 1925(a) opinion represented that Appellant's probation had been revoked, that Appellant was sentenced to continue paying fines and costs, and that if Appellant made six months of payments, he would then be transferred to monetary compliance, where the probation department "monitors payment but conducts no active supervision." Trial Court Opinion, 5/22/20, at 2. It then opined that Appellant waived his issues by not ordering the transcript. *Id*. In the alternative, the trial court suggested that we affirm the agreed-upon sentence of no new supervision and a repayment plan. *Id*. at 3. Appellant, but not counsel, was served with the opinion, although counsel still had not been granted leave to withdraw.

This Court noted that Appellant was *pro se* and that the record did not reflect that he waived his right to counsel; therefore we remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81, 82 (Pa. 1998) ("When a waiver of the right to counsel is sought at the post-conviction and appellate stages, an on-the-record determination should be made that the waiver is a knowing, intelligent, and voluntary one."). Following the **Grazier** hearing, the trial court appointed a public defender who requested the

transcripts. Counsel entered an appearance in this Court and filed a petition to withdraw and brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).

In the **_Anders_** brief, counsel attempted to clarify that, while the court at the revocation hearing indicated that it was going to follow the probation officer's recommendation, which was revocation, "[t]he court did not actually articulate that it was revoking [Appellant's] probation." **_Anders_** brief at 7. Counsel further suggested that "it is clear that the court was <u>not</u> resentencing [Appellant]." **_Id_**. Counsel explained that the preprinted form included in the certified record while signed by the presiding judge, is not "a formal written order." **_Id_**. at n.1. Counsel indicated that form does state that probation was revoked, but it imposes no new sentence, and incorrectly indicates that the transfer to MCU would take place in the future rather than immediately. **_Id_**. at n.1, 2.

Counsel additionally offered some details about the MCU. Counsel stated that a transfer to the MCU is not a new sentence, as MCU is not a form of probation, supervised or otherwise; that the transfer to MCU is permanent and noncompliance cannot result in reinstatement of probation, and that the only possible sanction for failure to comply with the MCU obligations would be a charge of contempt of court pursuant to 42 Pa.C.S. § 9772.[1]

---

[1] That statute provides, *inter alia*, that "Unless there is proof that failure to pay a fine or that portion of the fine that is due is excusable, the court may after a hearing find the defendant guilty of contempt and sentence him to not
*(Footnote Continued Next Page)*

In positing that the appeal was wholly frivolous, counsel suggested that the trial court would have committed reversible error in revoking Appellant's probation without determining that his failure to pay costs and fines was willful. Ultimately, counsel concluded that, since the trial court in effect terminated, rather than revoked, Appellant's probation by transferring him to MCU, the issue is moot because the court put Appellant in the same position as if it had granted his *pro se* motion for early termination of probation. *See* ***Anders*** brief at 11-13.

In our now-withdrawn initial disposition, this Court considered the appeal to be one from a judgment of sentence entered following the finding of probation violations but merely continuing the existing order of probation. Memorandum, 4/21/21, at 1. We agreed that there was no merit in the issue identified by counsel concerning the court's failure to determine Appellant's ability to pay because the court did not revoke or change the terms of Appellant's probation, but merely "continued Appellant's probation and installment payment plan." ***Id***. at 4. We then indicated that we had done an independent review of the record and found "no arguably meritorious issues that warrant further consideration." ***Id***. This Court did "remind" the trial

---

more than six months imprisonment, if a term of confinement of that amount could have been imposed for the offense charged." 42 Pa.C.S. § 9772. This Court has held that a trial court must determine that the defendant had the ability to pay and nonpayment was willful before imposing imprisonment. ***See*** ***Commonwealth v. Smetana***, 191 A.3d 867, 873 (Pa.Super. 2018).

court that Appellant's "two Pa.R.Crim.P. 706(D)" motions remained pending, and that "[i]t is important that the trial court promptly resolve these motions."[2] *Id*. at 5 n.4.

Although we had granted him leave to withdraw, counsel filed an application for reargument. Therein counsel noted that this Court "misapprehended the procedural facts of record." Application for Reargument at 5. Specifically, counsel indicated that we "wrongly stated that the lower court continued [Appellant's] probation," rather than specifying that the trial court imposed no new sentence and actually terminated the existing probation by immediately transferring Appellant to MCU. *Id*. Then, counsel contended, this Court took the legally erroneous position that a revocation solely for

---

[2] The rule provides as follows:

> In cases in which the court has ordered payment of a fine or costs in installments, the defendant may request a rehearing on the payment schedule when the defendant is in default of a payment or when the defendant advises the court that such default is imminent. At such hearing, the burden shall be on the defendant to prove that his or her financial condition has deteriorated to the extent that the defendant is without the means to meet the payment schedule. Thereupon the court may extend or accelerate the payment schedule or leave it unaltered, as the court finds to be just and practicable under the circumstances of record. When there has been default and the court finds the defendant is not indigent, the court may impose imprisonment as provided by law for nonpayment.

Pa.R.Crim.P. 706(D).

failure to pay and imposition of a new sentence is permissible without determining that the nonpayment was willful. *Id*. at 5-6.

Counsel also filed in the trial court a motion to correct the record, noting the issues raised in the reargument application. Counsel requested that the trial court enter an order and certify it to this Court as a supplemental record: (1) indicating that Appellant did not receive a new sentence on March 17, 2020; (2) clarifying that Appellant had actually been immediately placed into MCU on March 17, 2020, such that his existing probation was terminated on that date; and (3) stating that any contrary statements in the Rule 1925(a) opinion and the untitled form filed on March 17, 2020 "are to be disregarded." Motion to Correct/Modify the Appellate Record, 5/4/21, at 5.

The trial court's resultant order did not so specifically address each of the issues identified by counsel. The order instead directly addressed Appellant's outstanding *pro se* motions to terminate supervision and waive costs and fines as moot, noting this Court's indication that it should promptly resolve them. The trial court denied the motions as moot, indicating that the substance of the motions was addressed at the March 17, 2020 revocation hearing. The court explained that Appellant "was removed from supervision and placed on Monetary Compliance" and "agreed to pay $25/month towards the outstanding balance of fines and costs." Order 5/12/21, at 1. The order further confirmed counsel's representations about the effect of the MCU transfer, namely that "[p]lacement into [MCU] results in the termination of

- 8 -

the probation supervision," and that thereafter "[t]he probation cannot be reinstated and the only remaining means of addressing non-payment would be a contempt action." *Id*. at n.2.

The Majority has now taken the position that the untitled form completed on March 17, 2020 is an "Order revoking [Appellant's] probation," in which the trial court directed that Appellant would transfer to MCU "after six months." Majority Memorandum at 4. The Majority holds that "[a] prospective transfer to the MCU is not a recognized sentence under the sentencing code," and thus, because, with exceptions not applicable here, criminal appeals lie from judgments of sentence, it is not an appealable order. *Id*. The Majority therefore concludes that the appeal must be quashed. I respectfully disagree.

If the Majority were correct that the trial court revoked Appellant's probation and ordered a prospective sentence that is not authorized by the sentencing code, the proper remedy would be for this Court to vacate the sentence as illegal and remand for resentencing. *See*, *e.g.*, *Commonwealth v. Hill*, 66 A.3d 359, 362 (Pa.Super. 2013) ("If a court does not possess statutory authorization to impose a particular sentence, then the sentence is illegal and must be vacated." (cleaned up)).

However, I do not think the Majority's characterization of the appeal as being from an order revoking probation is accurate. It is clear from the face of the certified record that the trial court at the March 17, 2020 hearing

unambiguously expressed in open court that its order was to terminate Appellant's nearly-completed probation and to transfer him to the MCU immediately, not prospectively, since he had already made six months of regular payments. **See** N.T. Revocation Hearing, 3/14/20, at 2-3 ("I'll follow [the probation officer's] recommendation, place you on the monetary compliance unit, sir. You made regular payments for a six-month period."). Furthermore, the certified record confirms that an immediate termination and transfer to the MCU is what actually transpired. **See** Order, 5/12/21 (denying Appellant's motions for early release from probation as moot because the matter was addressed at the March 17, 2020 hearing when Appellant "was removed from supervision and placed on Monetary Compliance"). To the extent that the written March 17, 2020 "order" differs from the trial court's actual on-the-record ruling, I would direct the trial court to enter a new order correcting the patent and obvious mistake. **See**, **e.g.**, **Commonwealth v. Holmes**, 933 A.2d 57, 65-67 (Pa. 2007) (holding that trial courts have the inherent power to correct mistakes that are patent and clearly incompatible with the record).

An order adjudicating a motion for the early termination of probation is a final, appealable order. **See**, **e.g.**, **Commonwealth v. Concordia**, 97 A.3d 366, 368 (Pa.Super. 2014) (adjudicating Commonwealth's appeal from order terminating probation); **Commonwealth v. Johnson**, 229 A.3d 318, 2020 WL 996905, at *2 (Pa.Super. 2020) (non-precedential decision) (exercising

jurisdiction over denial of motion for early termination of probation).
Accordingly, rather than quash, I would adjudicate the merits of the appeal.

In my view, counsel has complied with the technical requirements of *Anders*, and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).[3]
Furthermore, I agree with counsel that the appeal is wholly frivolous.
Appellant agreed to the disposition ordered by the trial court, which comported with his requests to terminate his supervision so he would be able to seek out-of-state employment that would enable him to make his installment payments. ***See*** N.T. Revocation Hearing, 3/17/20, at 1; Motion to Have Court Cost and Fines Waived and Early Release from Probation and/or Unsupervised Probation, 7/31/19. Appellant cannot complain to have received that for which he asked.

---

[3] Specifically, I conclude that counsel, in addition to filing an application to withdraw that he served upon Appellant and advising Appellant of his right to pursue the appeal *pro se* or with private counsel, has satisfied the following requirements:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

To the extent that Appellant sought to have the trial court completely waive the outstanding costs and fines, the issue was not raised at the March 17, 2020 hearing, and it is therefore waived for purposes of this appeal. ***See*** Pa.R.A.P. 302 ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Furthermore, such a request is not a remedy available through Pa.R.Crim.P. 706(D), which, as quoted *supra*, addresses only allowing an indigent defendant to alter a payment schedule to comport with his or her financial condition. Rule 706(D) does not allow a court to go back and modify a judgment of sentence outside the normal channels, *i.e.*, a timely post-sentence motion or a petition filed pursuant to the Post Conviction Relief Act.

For the reasons stated above, I would affirm and grant counsel leave to withdraw, directing the trial court upon remand to correct the error on the face of its March 17, 2020 "order." Therefore, I respectfully dissent.