J-S06013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RODNEY JOSEPH FISHEL | : | |
| Appellant | : | No. 526 WDA 2024 |

Appeal from the Order Entered March 1, 2024
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000219-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| RODNEY JOSEPH FISHEL | : | |
| Appellant | : | No. 1014 WDA 2024 |

Appeal from the Order Entered March 1, 2024
In the Court of Common Pleas of Clarion County
Criminal Division at No(s): CP-16-CR-0000196-2014

BEFORE:  PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: APRIL 30, 2025**

Rodney Joseph Fishel appeals from the order entered March 1, 2024, holding him in contempt of court for failing to pay fines and costs on two dockets. Fishel challenges the court's finding that he has the ability to pay the purge amount of $472.98. After careful review, we affirm in part and vacate in part.

Fishel pled guilty to simple assault on docket CP-16-CR-0000219-2013 on September 11, 2013. As part of the sentence imposed, Fishel was ordered to pay the costs of prosecution and court costs. Fishel pled guilty to simple assault on docket CP-16-CR-0000196-2014 on May 7, 2014. As part of the sentence imposed, Fishel was again ordered to pay the costs of prosecution and court costs. Fishel made periodic payments over the next several years, resulting in twelve hearings for non-payment of these costs and four bench warrants for failing to appear at the hearings.

Although Fishel was subjected to many hearings for non-payment, this is the first time he has been held in contempt for failing to pay these costs. The trial court aptly provided the following procedural history related to this appeal:

> On October 30, 2023, a bench warrant hearing was held … . The bench warrant was issued due to [Fishel's] failure to appear at a fines and costs hearing. At the bench warrant hearing, [Fishel] testified he was working and able to pay the past due balance of $225.00, therefore, he was ordered to pay $225 towards his fines and costs balance or report for a contempt hearing on November 28, 2023. [Fishel] failed to pay the amount ordered and also failed to appear for the contempt hearing on November 28, therefore a bench warrant was issued. [Fishel] was eventually apprehended on the bench warrant and on February 1, 2024, a bench warrant hearing was held at which time [Fishel] explained he was working but not getting paid. It was ordered by the Honorable James G. Arner to schedule a contempt hearing for failure to make payments and failure to appear for court proceedings.
>
> On February 27, 2024, a contempt hearing was held, and [Fishel] was found in contempt for failure to make any payments towards his fines and costs since March 2023 and for specifically failing to comply with the court's October 30, 2023 order. [Fishel] was ordered to serve a sentence of sixty (60) days of incarceration

for contempt subject to the condition that he could purge himself of the incarceration sentence by paying the balance due in the amount of $472.98. At the hearing, th[e trial] court made a finding that [Fishel] did have the ability to pay but willfully failed to do so because he willfully quit his job and did not obtain gainful employment thereafter.

On March 8, 2024, [Fishel] filed a motion for reconsideration requesting that his February 27, 2024, sentence be modified. On March 25, 2024, th[e trial] court denied the motion. On April 25, 2024, [Fishel] filed a [n]otice of [a]ppeal. On April 26, 2024, th[e trial] court ordered a concise statement of errors complained of on appeal. On May 17, 2024, [Fishel] filed a [c]oncise [s]tatement of [m]atters [c]omplained of on [a]ppeal [p]ursuant to Rule 1925(b)[.]

Trial Court Opinion, 8/6/24, at 1-2 (pagination provided).

Fishel raises one issue for our review:

Whether the [t]rial [c]ourt erred by holding Mr. Fishel in contempt for nonpayment of his fines and court costs, when Mr. Fishel lacked the ability to make payment on those financial obligations?

Appellant's Brief, at 4.

Before we address the merits of this appeal, we must determine if we have jurisdiction to hear it. *See Commonwealth v. Gaines*, 127 A.3d 15, 17 (Pa. Super. 2015) (*en banc*) ("We may raise issues concerning our appellate jurisdiction *sua sponte*.") (citation omitted). Fishel purports to appeal from the order denying reconsideration. *See* Notice of Appeal, 4/25/24 (unpaginated).

Generally, when an appellant files a motion for reconsideration of a final order, they must file a protective notice of appeal to ensure preservation of their appellate rights if the court does not expressly grant reconsideration within the thirty-day appeal period prescribed under Pa.R.A.P. 903(a). In other words, the mere filing of a motion for reconsideration does not toll the thirty-day appeal period[.]

*Commonwealth v. Zieglar*, 322 A.3d 256, 262 (Pa. Super. 2024) (citation omitted).

Fishel was convicted of indirect civil contempt, as he held the keys to the jailhouse doors by virtue of the purge condition. *See In re Estate of DiSabato*, 165 A.3d 987, 992 (Pa. Super. 2017) ("The characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of contempt by complying with the court's directive.") (citations omitted).

As Fishel was convicted of indirect civil contempt, he did not have a right to file a post-sentence motion pursuant to Pa.R.Crim.P. 720, as that only applies to criminal proceedings. Fishel did, however, file a motion for reconsideration. The court denied the motion on March 26, 2024, and Fishel thereafter filed his notice of appeal, on April 25, 2024. As Fishel's order of contempt was entered on March 1, 2024, this notice of appeal was facially untimely. *See* Pa.R.A.P. 903(a) (providing a notice of appeal must be filed within 30 days); *Commonwealth v. Moir*, 766 A.2d 1253, 1254 (Pa. Super. 2000) (holding "that an appeal from an order denying reconsideration is improper and untimely.") (citation omitted).

That does not end our inquiry, however, as the trial court incorrectly advised Fishel in its order denying reconsideration that he had 30 days to file a notice of appeal. *See* Order, 3/26/24 (single page). "[I]t has long been the law of this Commonwealth that the failure to file a timely appeal as a result of

- 4 -

a breakdown in the court system is an exception to th[e] general rule [that no court has the authority to extend the time for filing a notice of appeal]." ***Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019) (citation omitted). We have previously declined to quash untimely appeals and found a breakdown in the court's operation when the trial court misstates the applicable appeal period. ***See Commonwealth v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007) (untimely post-sentence motion did not toll appeal period, however, there was a breakdown in court operations as it did not inform defendant that the untimely post-sentence motion did not toll appeal period); ***Commonwealth v. Parlante***, 823 A.2d 927, 929 (Pa. Super. 2003) (incorrectly advised defendant of time for filing reconsideration and a notice of appeal creating a breakdown in court operations). Because the trial court incorrectly advised Fishel he had 30 days to appeal, we find a breakdown in court operations and decline to quash this untimely appeal.

We now turn to the merits of Fishel's claim. We review an order holding a person in contempt for an abuse of discretion. ***See Commonwealth v. Smetana***, 191 A.3d 867, 870 (Pa. Super. 2018). "Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied." ***Id.*** (citation and brackets omitted).

There are three elements that must be met to find someone in indirect civil contempt of court: "(1) that the contemnor had notice of the specific

order or decree which he is alleged to have disobeyed; (2) that the act constituting the contemnor's violation was volitional; and (3) that the contemnor acted with wrongful intent." **Hanbicki v. Leader**, 294 A.3d 1234, 1241 (Pa. Super. 2023) (citation omitted).

"The purpose of a civil contempt order is to coerce the contemnor to comply with a court order." **Hyle v. Hyle**, 868 A.2d 601, 604-05 (Pa. Super. 2005) (citation omitted). As Fishel's contempt is for failure to pay on his court costs and fines that arose from his criminal convictions, we turn to the Sentencing Code for guidance.

Section 9730(b)(1) of the Sentencing Code provides that when "a defendant defaults on [his] payment of court costs, restitution, or fines[,]" a court "may conduct a hearing to determine whether the defendant is financially able to pay." 42 Pa.C.S.A. § 9730(b)(1). Only after a hearing and a determination that the defendant is financially able to pay can the court impose imprisonment for nonpayment. **See** 42 Pa.C.S.A. § 9730(b)(2); **Commonwealth v. Diaz**, 191 A.3d 850, 866 (Pa. Super. 2018) (observing, "prior to imprisoning a contemnor for failure to pay fines or costs, the trial court must render findings of fact on the contemnor's financial resources.") (citations omitted).

This Court has held that a trial court may not sentence an offender for failure to pay without providing the offender an opportunity to establish their inability to pay. **See Smetana**, 191 A.3d at 871. "The alleged contemnor has

the burden of proving the affirmative defense that he has the present inability to comply with the court [o]rder." **DiSabato**, 165 A.3d at 992 (citation omitted). While it is the contemnor's burden to show he has the present inability to comply with the order, the court may not impose imprisonment unless "it is convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply." **Hyle**, 868 A.2d at 604-05 (emphasis and citations omitted).

Here, Fishel does not dispute he had notice of the orders imposing costs and fines nor that he did not make his monthly payments on his costs and fines since March of 2023. **See** Appellant's Brief, at 5. Fishel argues he does not have the present ability to pay his costs and fines, and therefore, the order holding him in contempt of court was illegal. **See id.** at 12. Fishel asserts his testimony at the costs and fines hearing established he "had no money to his name." **Id.** at 11-12.

Fishel asserts he established the affirmative defense through his testimony that he does not have a job, applied for jobs but has not been hired by any, lives with friends and does not pay any rent, and has "no money to his name." **Id.** at 10-12. The trial court found Fishel was not diligent in his job search and noted Fishel voluntarily quit his last job. **See** Trial Court Opinion, 8/6/24, at 3 (pagination added for ease of reference). Because Fishel quit his job and was not diligent in his job search, the trial court found Fishel willfully failed to pay his fines and costs.

Our review of the record confirms that the trial court's finding of contempt was warranted. Fishel has only made 11 payments on these two dockets since 2015, requiring the trial court to schedule 12 fines and costs hearings. Clearly, the trial court exhibited great patience in its dealings with Fishel. This is the first time a contempt hearing was held on Fishel's failure to pay his fines and costs. The record demonstrates he voluntarily quit his job without any leads on a new one. **See** N.T. Hearing, 2/27/24, at 14. He then continued to inform the court he could pay his fines and costs. **See id.** at 4, 8, 13 (the Commonwealth and Fishel both represented to the court that Fishel stated during a prior proceeding in October of 2023 that he could make a $225 payment on his fines and costs). Fishel made no payments after voluntarily quitting his job. We therefore find sufficient evidence that Fishel willfully failed to pay on his fines and costs.

However, we find the trial court erred in establishing the purge amount at $472.98, as the evidence at the hearing showed Fishel had no current ability to pay that amount. "The law in this Commonwealth is … that the trial court must set the conditions for a purge in such a way as the contemnor has the **present ability** to comply with the order." **Hyle**, 868 A.2d at 605 (emphasis in original, citations omitted). As there was no evidence presented that Fishel had the present ability to pay the purge amount and could only do so on the future potential of obtaining a job, we are constrained to vacate the purge condition of the court order. **See id.**, 868 A.2d at 605 (vacating purge amount

because "[a]ppellant's ability to comply with the purge set by the trial court will only occur sometime in the future[.]"). We remand for the trial court to determine what conditions will be sufficiently coercive to obtain Fishel's compliance with the court order requiring him to pay his costs and fines.

Order affirmed in part and vacated in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 4/30/2025