J-S42002-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SHANA M. JEAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN M. MORGAN | : | |
| | : | |
| Appellant | : | No. 704 MDA 2025 |

Appeal from the Order Entered May 19, 2025
In the Court of Common Pleas of Lycoming County Civil Division at
No(s):  20-DR-00151,
CV-2025-00813-CV

BEFORE:  OLSON, J., KING, J., and LANE, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 06, 2026**

Appellant, Jonathan M. Morgan ("Father"), appeals *pro se* from the May 13, 2025 order finding him in contempt of court and, *inter alia*, remanding Father to the Lycoming County Prison for a period of seven days.  We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows.

> [T]his matter was opened in 2020 when [Mother] filed for child support against [Father] as she had primary custody of their minor child.  An initial child support assessment was made against Father [] in August [] 2021.  The parties agreed to a 50/50 custody agreement and [Father] filed for support against Mother.  In February [] 2021[,] Mother once again received primary custody and the current docket reopened and [Father's] initial support assessment was reinstated.
>
> On July 6[,] 2022, a hearing officer received testimony regarding Mother's reopened complaint and assessed [Father's] support obligation at $433.86 [per month].  In August [] 2022[, Father] filed a petition for modification where he alleged that all of his circumstances were not considered.  Between the time

the current support order was entered and the time [Father] filed his modification, contempt proceedings were initiated against [Father]. On August 30[,] 2022[,] the contempt hearing was rescheduled [to allow Father] to present evidence of his various medical diagnosis.

The contempt proceedings were continued ultimately to October 6[,] 2023. Between August 30[,] 2022 and the rescheduled hearing[,] various other contempt petitions were filed by the Lycoming County Domestic Relations Office (DRO). [Father] was found in contempt on all of the other petitions and managed to meet the purge amount for each finding prior to his report date. On October 6[,] 2023, at the rescheduled contempt hearing[,] the [trial c]ourt declined to find [Father] in contempt in part because he had obtained employment. Following that hearing[, Father] filed another petition for modification on October 17[,] 2023. Said petition was dismissed on November 16[,] 2023 as [Father] failed to present any new information that would warrant a change in his support obligations.

On December 6[,] 2023[,] another contempt petition was filed by Lycoming County DRO. The [trial c]ourt declined to find [Father] in contempt on January 12[,] 2024[,] finding that [Father's] contempt was not willful[ but the] result of his mental health struggles. [Father] filed [another petition to modify] modification for support on May 31, 2024. The modification [petition] was scheduled for a hearing on July 12[,] 2024, but was continued because [Father] alleged once again that he was medically disabled, but at the time of the hearing he failed to provide a Physician Verification Form and failed to present any evidence from a doctor. Said hearing was rescheduled for November 22[,] 2024. At the time of the hearing[,] Dr. Steven Barrows testified that, although [Father] does deal with depression, anxiety, and emotional control, [Father] should not be considered disabled and that there are no limitations on [Father's] ability to earn an equivalent income as one with wage attachable employment. As a result, the petition was dismissed. Exceptions were then filed and the case was remanded to the hearing officer solely for the hearing officer to hear testimony regarding an additional child that [Father] cared for full-time that was not previously considered.

While [Father's] motion was pending[,] another contempt petition was filed by Lycoming County DRO and was heard on January 3[,] 2025. The [trial c]ourt found [Father] in contempt

with a sentence of two months with a purge payment of $3,750.00. [Father] then filed a motion for reconsideration that was granted and heard on February 18[,] 2025. As a result of that hearing[,] the purge conditions were modified. [Father] was [] required to produce 20 signed agreements/contracts with various customers for his business. Additionally, he was required to meet with a representative from PA CareerLink and explore the self-employment options within 10 days of the order.

[Father's] deadline to complete his purge requirements was March 31[,] 2025. On March 21[,] 2025[, Father] filed a motion to stay enforcement of the contempt pending appeal and a motion to extend the appeal window of the February 18th order. Those petitions were denied [on March 24, 2025 and March 25, 2025]. Following [the aforementioned] orders, a bench warrant was issued for [Father's] failure to comply with the purge requirements of the February 18[, 2025] order. [Father] was arrested and the bench warrant was vacated on April 4[,] 2025 at which time a contempt hearing was he[ld] for his failure to comply with the order. He was sentenced to a period of three-month's incarceration with a purge payment of $500[.00. Father] then filed a number of petitions regarding the April 4th contempt order[, again] asking for reconsideration of that order. Those petitions were [ultimately denied on May 1, 2025 and May 7, 2025].

A subsequent bench warrant was issued on May 5[,] 2025 for [Father's] failure to comply with the purge requirements of the April 4th order. A hearing was held on May 13[,] 2025[,] where the [trial c]ourt [ordered Father to serve] seven days['] incarceration for indirect criminal contempt. Additionally, the [trial c]ourt amended the purge payment for [the] April 4th contempt order to include the child support payment for the month of May[,] making the total purge payment for the April 4th contempt order $907.63. On May 19[,] 2025 the [trial c]ourt signed an order releasing [Father] from prison as his seven[-]day sanction was completed. [This timely appeal followed].

Trial Court Opinion, 7/24/25, at 1-4 (unnecessary capitalization omitted).

Father raised the following issues for our consideration.

1. Did the trial court violate [Father's] due process [rights] by incarcerating [Father] for civil contempt without first conducting a meaningful ability-to-pay hearing and making findings on his present financial resources?

2. Did the trial court err by converting a bench warrant hearing into a contempt proceeding without prior notice and by silencing [Father's] objections, thereby denying him the opportunity to be heard?

3. Was [Father's] confinement unlawful under the Fourteenth Amendment where he was held for eight days despite the trial court's imposition of a seven-day sentence?

4. Did the trial court's order result in unconstitutional conditions of confinement when [Father] was denied access to prescribed medications during incarceration?

Father's Brief at 5-6.

On appeal, Father challenges the trial court's order finding him in contempt. "The standard of review for an order finding a party in contempt is an abuse of discretion. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied." *Commonwealth v. Diaz*, 191 A.3d 850, 864 (Pa. Super. 2018) (citations omitted).

We have carefully reviewed the certified record, the submissions of the parties, the opinion of the trial court, and the pertinent case law. Based upon our review, we conclude for the reasons expressed by the trial court that Father is not entitled to relief on any of his claims. Moreover, as we find that the trial court has adequately and accurately addressed the issues raised in this appeal, we adopt  the trial court's opinion as our own. Accordingly, the

parties are directed to attach a copy of the trial court's July 24, 2025 opinion to all future filings relating to our disposition in this appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 01/06/2026

# IN THE COURT OF COMMON PLEAS OF LYCOMING COUNTY, PENNSYLVANIA

SHANA M. JEAN,
:    No. 20 DR 00151;
:    CV-2025-00813;
:    702 MDA 2025;
:    703 MDA 2025;
:    704 MDA 2025
:
        v.              :
:
JONATHAN M. MORGAN,     :
         Appellant       :    Rule 1925(a) Opinion

## OPINION IN SUPPORT OF ORDER IN COMPLIANCE WITH RULE 1925(a) OF THE RULES OF APPELLATE PROCEDURE

This opinion is written in support of the Orders dated May 1st, May 7th, and May 13th, 2025. By way of background, this matter was opened in 2020 when Plaintiff filed for child support against Defendant as she had primary custody of their minor child. An initial child support assessment was made against Father (Appellant) in August of 2021. The parties then agreed to a 50/50 custody agreement and Appellant filed for support against Mother. In February of 2022 Mother once again received primary custody and the current docket was reopened and Appellant's initial support assessment was reinstated.

On July 6th, 2022 a hearing officer received testimony regarding Mother's reopened complaint and assessed Appellant's support obligation at $433.86. In August of 2022 Appellant filed a petition for modification where he alleged that all of his circumstances were not considered. Between the time the current support order was entered and the time Appellant filed his modification, contempt proceedings were initiated against Appellant. On August 30th, 2022 the contempt hearing was rescheduled for Appellant to present evidence of his various medical diagnosis.

1

The contempt proceeding was continued ultimately to October 6th, 2023. Between August 30th, 2022 and the rescheduled contempt hearing various other contempt petitions were filed by the Lycoming County Domestic Relations Office (DRO). Appellant was found in contempt on all of the other petitions and managed to meet the purge amount for each finding prior to his report date. On October 6th, 2023, at the rescheduled contempt hearing the Court declined to find Appellant in contempt in part because he had obtained employment. Following that hearing Appellant filed another petition for modification on October 17th, 2023. Said petition was dismissed on November 16th, 2023 as Appellant failed to present any new information that would warrant a change in his support obligation.

On December 6th, 2023 another contempt petition was filed by Lycoming County DRO. The Court declined to find Appellant in contempt on January 12th, 2024, finding that Appellant's contempt was not willful as a result of his mental health struggles. Appellant filed the present modification of support on May 31st, 2024. The modification was scheduled for a hearing on July 12th, 2024, but was continued because Appellant alleged once again that he was medically disabled, but at the time of the hearing he failed to provide a Physician Verification Form and failed to present any evidence from a doctor. Said hearing was rescheduled for November 22nd, 2024. At the time of the hearing Dr. Steven Barrows testified that, although Appellant does deal with depression, anxiety, and emotional control, Appellant should not be considered disabled and that there are no limitations on Appellant's ability to earn an equivalent income as one with wage attachable employment. As a result, the petition was dismissed. Exceptions were then filed and the case was remanded to the hearing officer solely for the hearing officer to hear testimony regarding an additional child that Appellant cared for full time that was not previously considered.

2

While Appellant's modification was pending another contempt petition was filed by Lycoming County DRO and was heard on January 3rd, 2025. The Court found Appellant in contempt with a sentence of two months with a purge payment of $3,750.00. Appellant then filed a Motion for Reconsideration that was granted and heard on February 18th, 2025. As a result of that hearing the purge conditions were modified. Appellant was now required to produce 20 signed agreements/contracts with various customers for his business. Additionally, he was required to meet with a representative from PA CareerLink and explore the self-employment options within 10 days of the order.

Appellant's deadline to complete his purge requirements was March 31st, 2025. On March 21st, 2025 Appellant filed a Motion to Stay enforcement of the Contempt Pending Appeal and a Motion to Extend the Appeal Window of the February 18th Order. Those petitions were denied by order dated March 24th, and March 25th, 2025. Following those Orders, a bench warrant was issued for Appellant's failure to comply with the purge requirements of the February 18th order. Appellant was arrested and the bench warrant was vacated on April 4th, 2025 at which time a contempt hearing was also heard for his failure to comply with the order. He was sentenced to a period of three-month's incarceration with a purge payment of $500. Appellant then filed a number of petitions regarding the April 4th contempt order asking for reconsideration of the order. Those petitions were considered Motions for Reconsideration by the Court and denied, one on May 1st, 2025 and the second on May 7th, 2025.

A subsequent bench warrant was issued on May 5th, 2025 for Appellant's failure to comply with the purge requirement of the April 4th order. A hearing was held on May 13th, 2025 where the Court sanctioned Appellant to seven days incarceration for indirect criminal contempt. Additionally, the Court amended the purge payment for April 4th contempt order to include the

3

child support payment for the month of May making the total purge payment for the April 4th contempt order $907.63. On May 19th, 2025 the Court signed an order releasing Appellant from prison as his seven day sanction was completed.

The above procedural history leads to the current appeals filed by Appellant. Appellant filed three appeals: 702 MDA 2025 appealing the May 1st order denying his motion for reconsideration; 703 MDA 2025 appealing the May 13th order sentencing Appellant to seven days incarceration and amending his purge amount; and, 704 MDA 2025 appealing the May 7th order denying his motion for reconsideration. On July 18th, 2025 the Superior Court Quashed appeal docket number 703 MDA 2025 as untimely. With that said, because the issues complained of on appeal are similar in that they relate to Appellant's contemptuous behavior the Court will address all issues in this Opinion. Appellant filed his Concise Statement of Errors Complained of on Appeal on July 3rd, 2025 alleging twelve issues. They are as follows:

1. The trial court erred and violated Appellant's due process rights by incarcerating him for civil contempt without conducting an ability-to-pay hearing, despite the existence of unrebutted evidence of indigency and prior In Forma Pauperis (IFP) status.
2. The contempt order that led to incarceration stemmed from a January 3, 2025 order imposing a $3,750 purge or incarceration, later reconsidered on February 25, 2025, to require 20 job commitments and contact the CareerLink. Despite Appellant's substantial compliance, a new contempt order was issued on April 1, 2025 prompting a walk-in bench warrant hearing on April 4.
3. At the April 4 hearing, with less than 24 hours' notice, the court vacated the warrant but proceeded immediately-without prior notice-into a contempt hearing. Attorney Patricia Shipman attempted to revive the January 3 order. The court acknowledged the order "lacked the language" to clarify whether the conditions were cumulative or alternative, but still issued a new order requiring payment of $500 or reporting to prison by May 5.
4. The trial court erred by denying Appellant's timely Motion for Clarification (filed May 2), Habeas Corpus petition, and Motion for Reconsideration without holding a hearing or reviewing supporting documentation showing compliance and indigency.
5. The trial court violated due process by issuing a bench warrant on May 5, despite Appellant being present at the Domestic Relations Office that same morning and having filed pending motions for relief.

4

6. The May 13 bench warrant hearing was improperly converted into a contempt hearing without notice. Appellant's objections were muted on the record, denying him an opportunity to speak and defend.
7. Appellant was incarcerated from May 12 to May 2, 2025, exceeding the seven-day contempt sentence with one day time served. The additional days of incarceration exceeded the scope of the civil sanction and constituted overdistention.
8. During incarceration, Appellant was denied access to prescribed Zoloft, resulting in severe withdrawals symptoms and unaddressed medical needs while in custody.
9. The trial court proceeded with hearings despite Appellant stating on the record that he did not understand the nature of the proceedings, violated his right to a fair opportunity to be heard.
10. The court failed to make any meaningful inquiry into Appellant's actual income or resources before imposing sanctions, relying instead on outdated earning capacity assumptions and ignoring verified indigency.
11. The combined lack of notice, lack of clarity in orders, suppression of objections, denial of medical needs, and disregard for indigency resulted in a pattern of unconstitutional enforcement that violated both state and federal due process protections.
12. The trial court erred in enforcing contempt and payment orders despite Appellant's unrebutted indigency, including evidence that he receives food stamps, has no assets, lives below the federal self-support reserve, and submitted medical verification of work limitations.

The Superior Court's standard of review in Domestic Relation Contempt proceedings is well settled. The Superior Court has held:

> This court's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.

> In order to establish that a party is in civil contempt, there must be proof by a preponderance of the evidence that the contemnor had notice of the specific order that he or she is alleged to have disobeyed, that the act that constituted the contemnor's violation was volitional, and that the contemnor acted with wrongful intent.

*Cunningham v Cunningham*, 182 A.3d 464, (Pa. Super. 2018).

Additionally, Pa.R.C.P 1910.25-5, provides as follows:

> (a) No respondent may be incarcerated as a sanction for contempt without an evidentiary hearing before a judge.

5

(b) The court shall make a finding, on the record, as to whether the respondent, based upon the evidence presented at the hearing, does or does not have the present ability to pay the court-ordered amount of support.

(c) An order committing a respondent to jail for civil contempt of a support order shall specify the conditions the fulfillment of which will result in the release of the respondent.

As for the first error raised on appeal, the Defendant was incarcerated for a period of seven days for indirect criminal contempt. Rule 1910.2-7 provides that:

> In addition to any other remedy available to the court, the court may order the respondent to obtain employment with income that can be verified and is subject to income attachment. If the respondent willfully fails to comply with an order to obtain such employment, the court may commit the respondent to jail upon adjudication for indirect criminal contempt, provided the respondent is afforded all of the procedural safeguards available to criminal defendants.

At the time of the May 13th hearing where Appellant was incarcerated he was provided notice of the proceeding and was assigned counsel to represent him. Additionally, Appellant was previously ordered by the Court to obtain twenty employment contracts, as well as, work with PA CareerLink to find any self-employment opportunities available to him. Appellant had willfully failed to abide by the order of court and therefore this Court avers that it did not abuse its discretion when it ordered Appellant to serve seven days incarceration. Moreover, the Court also conducted ability to pay hearings at each contempt proceeding, as well as, the February 18th, reconsideration hearing where it amended the previous purge requirement.

The Court will address errors two and three in tandem. Appellant alleges that the Court erred by issuing a new contempt order despite him substantially complying with the previous purge requirements of the February 18th order. Appellant was required to obtained twenty signed work contracts as well as work with Pa CareerLink. Appellant contended at the April 4th hearing that he did have list of twenty jobs for the summer. The list did not evidence signed contacts as ordered. Additionally, he willfully failed to meet with a representative from PA CareerLink.

6

Therefore, a lawful bench warrant was issued and a hearing held at which time the Court imposed three months of incarceration with a $500 purge. The Court avers that it did no err when it imposed this sanction and purge amount because Appellant willfully failed to abide by the purge requirements imposed by the February 18th order.

As for error four, the Court reviewed the petitions and information provided by Appellant and declined to expressly grant reconsideration, as they were asking for reconsideration of the previous contempt orders.

Appellant contends in error five that the Court erred by issuing a bench warrant despite Appellant appearing at the Domestic relations office that morning to file motions for relief. The lawful bench warrant was issued not because Appellant appeared at the Lycoming County DRO and once again filed motions, rather the bench warrant was issued because he once again failed to meet the purge requirements of this Court's previous contempt order.

Moreover, as to issue six at the time of the bench warrant hearing the Court imposed an indirect criminal contempt sanction after his willful failure to abide by the previous contempt orders. The only other matter handled at the time of the bench warrant hearing was to amend the purge amount for the April 4th order to include his monthly support payment for the month of May. Additionally, Appellant appeared via Polycom, was represented at the time of the hearing and the Court explained the proceedings to Appellant. Furthermore, Defense counsel informed Appellant how he could reach their office with any other questions regarding the proceedings. Appellant was briefly muted near the conclusion of the hearing because Appellant became confrontational during the Court's explanation of the proceedings and it became impossible to have any meaningful conversation with him, let alone his attorney.

As for issue seven, the Court signed a release from incarceration on May 19th, 2025

7

releasing Defendant form incarceration, which was the 7th day of his sanction.

Pertaining to allegation eight, the Court has no knowledge of the prison's medical procedures and this error is outside the scope of this appeal.

Error nine was addressed in the explanation of error six. Appellant was afforded counsel at each and every hearing that may result in incarceration. Moreover, his Defense counsel indicated on the record that she was present for the proceedings.

Moving to allegation ten, Appellant argues that the Court failed to undertake any meaningful inquiry into his income or resources. The Supreme Court has stated unequivocally that, in setting conditions for a purge, a court must be "convinced beyond a reasonable doubt, from the totality of the evidence before it, the contemnor has the present ability to comply". *Commonwealth v. Smetana*, 191 A.3d 867, 873 (Pa. Super. 2018). The Court has undertaken multiple inquires of Appellant's resources prior to imposing sanctions. The first of these inquiries was on January 3rd, 2025 when it ordered the initial purge payment. Upon a hearing on Appellant's Motion for Reconsideration, the Court received additional testimony as to Appellant's ability to pay and changed the purge conditions accordingly. On February 13th, 2025 at Appellant's Exceptions petition hearing the Court once again received testimony regarding Appellant's ability to pay his support obligation and ultimately remanded his case to a hearing officer for reconsideration. During the April 4th, 2025 bench warrant where contempt again became an issue, the Court was well informed as to Defendant's ability to pay as a result of the prior hearings and as a result of the totality of the evidence, this Court was convinced beyond a reasonable doubt that the Appellant had the present ability to pay this purge obligation.

Finally, as for errors eleven and twelve the Court avers based upon the information provided above coupled with a review of the record, it will reveal that the Court provided

8

Appellant significant opportunities for Appellant to avoid any incarceration or continued contempt sanctions. Although Appellant continuously contends that he is unable to meet any support payments or purge payments, he continually makes each purge payment when facing incarceration. In fact, the only payments he continues to fail to make are his court ordered monthly support payments.

For the forgoing reasons, the Court submits that it did not err and respectfully requests that the Orders dated May 1st, May 7th, and May 13th, 2025 be affirmed.

DATE: **7.24.25**

By The Court,

Ryan C Gardner, Judge

cc: Jonathan Morgan – 152 Boak Ave., Lot 24, Hughesville, PA 17734
Shana Jean – DRO to serve
Lycoming County DRO
Superior Court (original & 1)
Gary Weber, Esq.

9